UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**IRON WORKERS LOCAL 25**
**PENSION FUND, et al.,**

      **Plaintiffs,**              **CIVIL ACTION NO. 04-CV-72536**

   vs.                        **DISTRICT JUDGE MARIANNE O. BATTANI**

**STEEL STRUCTURES, INC.,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

      **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** Plaintiffs' motion for show cause and/or for an order compelling Robert Kehrig and Kehrig Steel, Inc.'s appearance and payment of costs (docket no. 63) should be **DENIED**.

**II.**    **REPORT**:

    This matter comes before the Court on Plaintiffs' motion for show cause and/or for an order compelling Robert Kehrig and Kehrig Steel, Inc.'s appearance and payment of costs. (Docket no. 63). The Court entered an order requiring a response to the motion by May 21, 2012, but no response was filed. (Docket no. 65). The matter has been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 64). However, because this is a post judgment matter the undersigned is required to proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). The Court dispenses with oral argument pursuant to E.D. Mich.

1

LR 7.1(f).  The matter is now ready for ruling.

Plaintiffs initiated this lawsuit against Defendants Steel Structures, Inc., Joe Firek, and Margaret Kelly on July 9, 2004, seeking to recover unpaid fringe benefit contributions owed by Defendants to Plaintiff Funds.  On October 10, 2006 the Court entered judgment in favor of Plaintiffs and against Defendant Steel Structures and Joe Firek in the amount of $299,379.77. (Docket no. 36).  Defendant Margaret Kelly was dismissed from the lawsuit with prejudice.  (Docket no. 34).

On March 31, 2012 Plaintiffs served a subpoena on nonparty Robert Kehrig and/corporate representative of Kehrig Steel, Inc.  (Docket no. 63, ex. A).  The subpoena commands Robert Kehrig and a corporate representative of Kehrig Steel to appear with documents at a deposition in Southfield Michigan on April 9, 2012.  Plaintiffs contend that Robert Kehrig is the resident agent of Kehrig Steel, Inc.  Plaintiffs further contend that neither Robert Kehrig or a corporate representative of Kehrig Steel appeared for deposition and no documents requested under the subpoena have been produced.  In addition, Plaintiffs state that no one contacted them to indicate that they would not be appearing.  It is Plaintiffs' contention that the deponent is obstructing Plaintiffs' ability to pursue judgment against the underlying Defendants.

Neither Robert Kehrig nor any other person moved to quash or otherwise modify the subpoena.  Furthermore, there is no indication that Robert Kehrig or any corporate representative of Kehrig Steel served written objections to the subpoena.  Plaintiffs therefore ask the Court to order Kehrig and a corporate representative of Kehrig Steel to appear before this Court to explain why they failed to comply with the subpoena.  Plaintiffs also request an order directing Robert Kehrig and a corporate representative of Kehrig Steel to produce documents and appear for deposition on

the same date as the show cause hearing, and pay costs associated with compelling compliance with the subpoena.

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas. Pursuant to Rule 45, before the earlier of the time specified for compliance or fourteen days after the subpoena is served, a person commanded to produce documents or permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting or copying any or all of the materials requested under the subpoena. Fed. R. Civ. P. 45(c)(2)(B). The party served with a subpoena may also file a motion to quash or modify a subpoena. Fed. R. Civ. P. 45(c)(3). If the subpoena requires the person's attendance, then at the time of service the issuing party must tender the witness fees for one day's attendance and the reasonably estimated mileage as allowed by law. Fed. R. Civ. P. 45(b)(1). Rule 45(e) provides that the "issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e). "Courts have often found a person in contempt for refusing to comply with a validly issued subpoena without objecting to it or making a motion to quash." *Bariteau v. Krane,* 206 F.R.D. 129, 131 (W.D.Ky. 2001) (citation omitted).

Plaintiffs' attorney shows that he issued a subpoena from this Court which was served on Robert Kehrig at his address on 9691 Dixie Highway in Ira Township, Michigan on March 31, 2012. (Docket no. 63, ex. A). The subpoena commands Kehrig and a corporate representative of Kehrig Steel to appear for deposition in Southfield Michigan. The subpoena further commands Kehrig and a corporate representative of Kehrig Steel to bring five categories of documents to the deposition. However, the subpoena does not demonstrate that Plaintiffs provided the necessary witness fees and Plaintiffs are silent on this issue. Furthermore, the subpoena does not state the method of recording

the testimony as it was required to do.  Fed. R. Civ. P. 45(a)(1)(B).

Plaintiffs have not shown that they issued a valid and proper subpoena under Rule 45. Accordingly, the undersigned recommends that Plaintiffs' motion for show cause and/or for an order compelling Robert Kehrig and Kehrig Steel, Inc.'s appearance and payment of costs (docket no. 63) be **DENIED**.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 19, 2012                s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of record on this date.

Dated: November 19, 2012                s/ Lisa C. Bartlett
                                        Case Manager